## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | |
|---|---|
| Case No. SACR 09-0077 JVS | Date April 4, 2011 |

Present: The Honorable **James V. Selna**

Interpreter  Not Needed

| Karla J. Tunis | Sharon Seffens | Douglas McCormick |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 6.  **Han Young Kim** | NOT | | | **Alisa Morganthale** | X | | X |
| | | | | **Steven Fredley** | X | | X |

**Proceedings:**  Defendant Kim's Motion for Leave to File a Special Appearance (fld 3-7-11)

   **Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the defendant's motion for leave to file a special appearance and rules in accordance with the tentative ruling as follows:**

   Han Yong Kim ("Kim"), a defendant in this case, has filed a motion for leave to make a special appearance. He is a resident and citizen of the Republic of South Korea ("Korea"), and presently is living there. The Motion is denied.

I.   Background.

   The Indictment in this matter was filed in April 2009, charging six individuals, including Kim, with violation of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2 ("FCPA"), and the Travel Act, 18 U.S.C. § 1952. He is named in three counts: Count 1, conspiracy to violate the FCPA;[1] and Counts 2 and 3, which charge substantive violations of the FCPA involving Korea Hydro and Nuclear Power ("Korea Hydro").[2]

   Kim has not been in the United States since the date of the Indictment, although he traveled to the United States during the life of the alleged conspiracy. (McCormick Decl., ¶ 4.)

---

[1] Indictment, ¶ 16.

[2] Id., ¶ 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Government is currently attempting to extradite him from Korea, a country with which the United States has an extradition treaty. (Id., ¶ 2.) The Government has also caused INTERPOL to issue a so-called "Red Notice," requesting member nations to effect a provisional arrest of Kim so that extradition proceedings can be initiated against him. (Id., ¶ 3.)

Kim seeks to join in a motion presently pending before this Court which challenges the legal sufficiency of the FCPA claims on the theory that the FCPA does not extend to state-owned corporations and their officials. (See Docket No. 304.) He also wishes to make additional legal challenges to the Indictment. (Motion, pp. 3-4 & Ex. A.)

II.  Discussion.

The general rule is that a fugitive may not invoke the jurisdiction of the Court without submitting himself personally to the Court's jurisdiction. Molinaro v. New Jersey, 396 U.S. 365, 366 (1970). The logic of the "fugitive disentitlement" doctrine is plain enough:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

(Id.) The doctrine puts an end to the proverbial "Heads, I win/tails, you lose" gambit.

The doctrine applies to trial courts as well as appellate courts. United States v. Oliveri, 190 F. Supp. 2d 933, 936 (S.D. Tex. 2001); United States v. Eagleson, 874 F. Supp. 27, 29-31 (D. Mass 1994).

Kim is a fugitive for purposes of the doctrine. It does not matter that did not absent himself from the United States after the Indictment was handed down. (See Motion, p. 3.) He is a fugitive when with knowledge of the prosecution he remains outside the jurisdiction:

> The intent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities once he learns that charges against him are pending. This is true whether the defendant leaves the jurisdiction intending to avoid prosecution, or, having learned of charges while legally outside the jurisdiction, "constructively flees" by deciding not to return.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

United States v. Catino, 735 F.2d 718, 722 (2d Cir. 1984) (citations omitted).

Unites States v. Wazney, 529 F.2d 1287, 1289 (9th Cir. 1976), is of no benefit to Kim.  Knowledge of the indictment combined with a failure to surrender is sufficient prove an intent to flee:

> There is substantial evidence on the record before us to support the conclusion that appellant had the requisite intent to avoid arrest or prosecution. <u>By his own admission, appellant was aware, prior to his arrest, of an outstanding warrant against him.</u> Yet appellant continued to conceal himself. An extensive investigation by the authorities failed to locate appellant, and by engaging in negotiations with state officials through his attorney, appellant clearly made known his intent to remain hidden from the authorities until a satisfactory settlement of the state charges against him could be reached. <u>This knowledge by appellant that he was wanted by the police, coupled with his failure to submit to arrest, is enough to establish the requisite specific intent to avoid arrest or prosecution.</u>

(Id.; emphasis supplied; footnote deleted.)  Kim had the knowledge, and by his own prior actions, he had the ability to come to the Untied States.  There is no practical difference between hiding in a place where the Government cannot detect and arrest a defendant and remaining in a place where the Government cannot arrest him; namely, a foreign country.  Nothing in Caplan v. Vokes, 649 F. 2d 1336 (9th Cir. 1981), undercuts the force of the underscored language in Wazney quoted above.

The parties acknowledge that the Court has discretion to grant the requested relief.  (Motion, p. 5 n.1, citing Molinaro, supra; Opposition, p. 6.)  The case law has identified extraordinary circumstances where the Court may properly exercise that discretion.  None are present here.

Unlike In re Hijaz, 589 F.3d 401, 411 (7th Cir. 2009), and United States v. Noriega, 683 F.Supp. 1373, 1374-75 (S.D. Fla 1988), there are no political ramifications to this case.  There is no possibility of provocatively evading the absence of an extradition treaty, and there is no hint that Kim's position in Korea is even close to "*de facto* head of [state]."  Noriega, 683 F. Supp. at 1374.  Moreover, Kim's ambassador is not questioning the strength of the Indictment.  Hijaz, 589 F.3d at 411

This is not a case where Kim is threatened with arrest if he travels from where he presently resides to his native land.  (Id. at 413.)  He is already in his native land, Korea.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

There has been no undue delay here.  (Id. at 411.)   Indeed, one of the motions in which he wishes to join is already pending, and set for hearing in early May.

There are two additional bases to deny the present Motion.

Many of the leading cases dealing with fugitive disentitlement focus on the issue of whether the statute of limitation should be allowed to run while the defendant is a fugitive.  E.g, Catino, 735 F.2d at 719 ; Caplan, 649 F.2d at 1341; Wazney, 529 F.2d at 1289-90.  There is a general concern than an expansive definition of a "fugitive" would lessen the pressure on the Government to proceed diligently.  See Caplan, 649 F.2d at 1341; Wazney, 529 F.2d at 1289.  That factor is not present here, at least on the present motion.  Even if the present case fell outside of the definition of "fugitive" in the statute of limitations cases, there is still reason to decline to grant Kim leave: the lack of mutuality flowing from entertaining a motion from a defendant who declines to submit to the Court's jurisdiction.

The notion of mutuality was first captured in Molinaro which was not a statute of limitations case.  Two recent district court cases closely track the facts of the present case, but do not arise in the context of a statute of limitation issue.  In Eagleson, the defendant was in Canada at the time the indictment was handed down, Eagleson, 874 F. Supp. at 29, and in Oliveri, the defendant was similarly outside the United States, Oliveri, 190 F.Supp.2d at 934.  As the Eagleson court noted:

> The doctrine of fugitive disentitlement rests on a principle of mutuality. The rationale is that a court should not afford a fugitive, who is unwilling to submit to its jurisdiction and stand trial for an alleged crime, the opportunity to improve his position by challenging the jurisdiction of the court.

Eagleson, 874 F. Supp. at 29.

Beyond the application of the fugitive disentitlement doctrine, the Court has the discretion to hear a challenge to the indictment prior to arraignment.
Hughes v. Thompson, 415 U.S. 1301 (1974) (Douglas, J., Circuit Justice) ("Whether the motion should be disposed of prior to the arraignment rests in the sound discretion of the District Court."); In re Hijaz, 589 F.3d at 406.

Thus, on both general principles of discretion and on the doctrine of fugitive disentitlement, the Court declines to exercise its discretion.

Finally, the Court observes that Kim already has the potential benefit of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

legitimate version "Heads, I win/tails, you lose."  If the present challenge to the FCPA charges proves meritorious, and the anticipated challenge to the Travel Act claims does as well, he need do nothing more than present himself to this Court's jurisdiction.  There is nothing to suggest that such rulings would not apply to him.  But until Kim in fact subjects himself to this Court's jurisdiction, the Court declines to grant him leave to litigate.

        The Motion is denied.

                                                          00  :  20

Initials of Deputy Clerk    kjt